**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0642n.06
Filed: August 30, 2007

No. 07-3504

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| JOSEPH ACQUAYE NTI, | ) | |
| | ) | **O P I N I O N** |
| **Defendant-Appellant.** | ) | |
| | ) | |
| | ) | |

**Before: BOGGS, Chief Judge; ROGERS, Circuit Judge; and CALDWELL,** [*] **District Judge.**

**KAREN K. CALDWELL, District Judge.** Defendant-Appellant Joseph A. Nti appeals

his seven-month sentence imposed by the district court following his guilty plea to one count of

conspiracy to traffic in or use one or more unauthorized access devices in violation of 18 U.S.C. §

371. Nti argues that the sentence is greater than necessary to achieve the sentencing goals set forth

in 18 U.S.C. § 3553. For the reasons given below, we affirm the judgment of the district court.

At the sentencing hearing, the district court granted Nti's request for a sentence below the

applicable sentencing guideline range of 10 to 16 months and sentenced him to seven months in

prison. Nti argues that the district court's sentence of seven months is unreasonable because it is

---

[*]The Honorable Karen K. Caldwell, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553. While he concedes that the district court correctly calculated the sentencing guidelines and that his sentence fell below the applicable guideline range, Nti contends that the sentence was arbitrary because the sentencing judge failed to articulate reasons for imposing a term of imprisonment rather than home incarceration.

Sentences are reviewed for reasonableness. *United States v. Smith*, 474 F.3d 888, 892 (6th Cir. 2007). After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "district courts treat the Federal Sentencing Guidelines as advisory rather than mandatory." *Smith*, 474 F.3d at 892. The reasonableness review consists of two inquiries: procedural reasonableness and substantive reasonableness. *Id*. at 894. A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), "and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (*quoting United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). "A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Id*. at 808 (quoting *Webb*, 403 F.3d at 385)(alteration not in original).

The record clearly indicates that the sentencing judge considered the relevant 18 U.S.C. §3553 factors, providing a sufficient explanation to permit meaningful appellate review. *See, e.g., United States v. Foreman*, 436 F.3d 638, 644 (6th Cir.2006). At the sentencing hearing, the district court correctly calculated the advisory sentencing guidelines and after briefly addressing the relevant

2

§3553(a) criteria, sentenced the defendant to a term of imprisonment below the applicable sentencing guideline range.

Nti challenges his sentence because the district judge did not explain his reasons for rejecting Nti's request for home incarceration. The record reflects that the sentencing judge permitted Nti to argue in support of home incarceration and considered all available sentencing options including imprisonment, probation or a split sentence. Additionally, the district court heard from Nti's probation officer regarding Nti's multiple violations of his conditions of home confinement during the pendency of the case. While the district judge did not expressly articulate his reasons for rejecting Nti's request for home incarceration, the record is clear that the judge simply found the circumstances insufficient to impose a sentence of home incarceration rather than imprisonment. As the United States Supreme Court noted in *Rita v. United States*, --- U.S. ----, 127 S.Ct. 2456, 2469, --- L.Ed.2d ---- (2007), " [w]here a matter is as conceptually simple as in the case at hand and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively."

For the foregoing reasons, the sentence imposed by the district court is both procedurally and substantively reasonable. We affirm the judgment of the district court.